UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LANCE A. COLE, )
 )
 Plaintiff, )
 )
 v. ) No. 4:05-CV-1275-JCH
 )
STATE OF MISSOURI, et al., )
 )
 Defendants. )

### ORDER AND MEMORANDUM

This matter is before the Court for review under 28 U.S.C. § 1915(e)(2)(B) of plaintiff's "Motion to Amend Complaint" [Doc. #21], which this Court will liberally construe as plaintiff's first amended complaint.[1]

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

---

[1]On March 23, 2006, plaintiff filed a document titled "Motion to Amend Complaint" [Doc. #21]. Because this is the first time plaintiff has amended his complaint and, to date, a responsive pleading has not been filed in this case, plaintiff is not required to obtain leave of court prior to filing the amended complaint. See Fed.R.Civ.P. 15.

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**Background**

Plaintiff, an inmate at the Southeast Correctional Center, filed his original 42 U.S.C. § 1983 complaint against defendants State of Missouri, St. Clair County Jail, Illinois Department of Corrections, State of Illinois, St. Louis City Workhouse, Kevin L. Winters, Missouri Department of Corrections, and Joan M. Burger. On October 25, 2005, this Court entered an Order dismissing, without prejudice, defendants State of Missouri, St. Clair County Jail, Illinois Department of Corrections, State of Illinois, St. Louis City Workhouse, Missouri Department of Corrections, and Joan M. Burger, and ordering process to issue against defendant Kevin Winters [Doc. #5 and Doc. #6].

**The first amended complaint**

In his first amended complaint [Doc. #21], plaintiff seeks monetary relief against the following named defendants: Kevin L. Winters ("Warden/Superintendent"), Cathy Heckel ("Record Office Supervisor"), Phyllis Byland ("Records Officer Mo. DOC"), Jeffery Whitfield ("User Support-MISS"), Ona Welch ("Official from Western Correctional Center"), Julie Bohler ("Official from Western Correctional Center"), David Mansfield ("Official from Western Correctional Center"), Richard Young ("Official from Western Correctional Center"), Jeff Ervin ("Official from Western Correctional Center"), Sandy Funk ("Official from Western Correctional Center"), Dawn Phillips, Carol McCartney ("Official from Western Correctional Center"), Kathy Eveland ("Official from Western Correctional Center"), Kathy Rigg ("Official from Western Correctional Center"), Lynette Smith ("Official from Western Correctional Center"), Mark Stephenson ("Official from Western Correctional Center"), Terry Pitts ("Extradition Officer Illinois Dept. of Corr[-]Correction/Extradition Unit"), Darla Spencer ("Records Officer of E.R.D.C. MO. Doc."), James D. Purkett ("Superintendent Mo. Doc."), Robin L. Elden ("OSA-IC"), Robert B. Haida ("Prosecutor, Attorney St. Clair County Illinois"), Vivian Williams ("Agreement Administrator, State of Illinois"), Donna Henson ("Agreement Administrator, Missouri Department Correction"), Mearl J. Justus ("Sheriff St. Clair County, Illinois"), Bruce

3

Morrison ("Under Sheriff"), Mel Weith ("Executive Deputy"), T.J. Collins ("Jail Superintendent"), Todd Schultz (Public Defender), Wesly Avery ("Detective, St. Louis, Mo."), Gene Stubblefield ("Superintendent of MIS--St. Louis, Mo."), Telma Reische ("Official from Western Correctional Center"), Michelle Holden ("Records Officer"), Lori Jaenke ("Records Officer"), "NRC-Officer," and "Exp-Officer."

**Discussion**

A review of the first amended complaint indicates that plaintiff's claims against defendants Kevin L. Winters, Cathy Heckel, Jeffery Whitfield, and Wesley Avery regarding constitutional violations, as well as the violation of the Interstate Agreement on Detainers by a person acting under color of state law, survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2); Maine v. Thiboutot, 448 U.S. 1 (1980)(§ 1983 provides relief for violations of federal statutory law as well as constitutional rights). Therefore, the Court will order that defendants Kevin L. Winters, Cathy Heckel, Jeffery Whitfield, and Wesley Avery reply to the first amended complaint.

The first amended complaint is legally frivolous as to defendants Ona Welch, Julie Bohler, David Mansfield, Richard Young, Jeff Ervin, Sandy Funk, Carol McCartney, Kathy Eveland, Kathy Rigg, Lynette Smith, Mark Stephenson, Terry Pitts, Thelma Reische, Lori

4

Jaenke, Vivian Williams, Donna Henson, Darla Spencer, Bruce Morrison, Michelle Holden, and Phyllis Byland.  To sustain a conspiracy claim, a plaintiff must at least allege that "'the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding' and provide some facts 'suggesting such a meeting of the minds.'"  Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983)(quoting White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981)).  After carefully reviewing the first amended complaint, the Court concludes that plaintiff's allegations, which for the most part are very difficult to understand, fail in this regard.  Although the Court is to give plaintiff's amended complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged.  Plaintiff is required to set out not only his alleged claims, but also the facts supporting his claims as to each named defendant, and he is to do so in a simple, concise manner.  Plaintiff's allegations relative to the aforementioned defendants are disjointed, vague and conclusory and simply do not rise to the level of a constitutional violation.  In addition, plaintiff has failed to provide sufficient factual support to indicate clearly that said defendants were directly involved in or personally responsible for the violation of his constitutional rights.  See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(liability under § 1983 requires causal link to, and direct responsibility for, alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)

(claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). The first amended complaint is also legally frivolous as to prosecuting attorney Robert B. Haida and public defender Todd Schultz. Where, as in the instant case, "a prosecutor is acting within the scope of his proper prosecutorial capacity, these actions are cloaked with the same immunity granted to judges." Barnes v. Dorsey, 480 F.2d 1057, 1060 (8th Cir. 1973); Wilhelm v. Turner, 431 F.2d 177, 182-83 (8th Cir. 1981); cf. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (prosecutor absolutely immune from suit for damages under § 1983 for alleged violations committed in "initiating a prosecution and in presenting the state's case"); Myers v. Morris, 810 F.2d 1437, 1446-48 (8th Cir. 1987)(immunity extends to allegations of vindictive prosecution). Moreover, public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

To state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Plaintiff has failed to allege that Dawn Phillips is a state actor, and it is unclear whether defendant Robin L. Elden is a state actor.

6

Additionally, although a § 1983 action can be maintained against private persons who act in concert with state officials to deprive an individual of federally protected rights, plaintiff has failed to allege the existence of a conspiracy between these two defendants and state actors. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). The private and public parties must act with a common understanding showing a "meeting of the minds," id. at 158, and the facts alleged with respect to conspiracy must be specific. White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981); see also Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992). As to defendants Phillips and Elden, plaintiff's allegations are insufficiently specific and fail to show a "meeting of the minds" to deprive him of his constitutional rights.

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff does not set forth sufficient facts indicating that defendants James D. Purkett, T.J. Collins, Gene Stubblefield, Mearl J. Justus, and Mel Weith were directly involved in or personally responsible for the violation of his constitutional rights. At best, plaintiff is attempting to attach liability because of said defendants' supervisory positions;

7

however, the theory of respondeat superior is inapplicable in § 1983 actions. See Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). Accordingly, plaintiff's claims are legally frivolous as to these defendants.

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations that are sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the amended complaint does not contain allegations sufficiently specific to permit the identity of "NRC-Officer" and "Exp-Officer" to be ascertained after reasonable discovery. These particular "John Doe" defendants are unidentified, and, in addition, plaintiff has failed to assert sufficiently definite allegations against them. This is not permissible. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); cf. Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Amend Complaint" [Doc. #21], is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the first amended complaint as to defendants Phyllis Byland, Ona Welch, Julie Bohler, David Mansfield, Richard Young, Jeff Ervin, Sandy Funk, Dawn Phillips, Carol McCartney, Kathy Eveland, Kathy Rigg, Lynette Smith, Mark Stephenson, Terry Pitts, Darla Spencer, James D. Purkett, Robin L. Elden, Robert B. Haida, Vivian Williams, Donna Henson, Mearl J. Justus, Bruce Morrison, Mel Weith, T.J. Collins, Todd Schultz, Gene Stubblefield, Telma Reische, Michelle Holden, Lori Jaenke, "NRC-Officer," and "Exp-Officer," because the claims against them are legally frivolous and/or fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Kevin L. Winters, Cathy Heckel, Jeffery Whitfield, and Wesley Avery, the Clerk shall issue process or cause process to issue upon the first amended complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Kevin L. Winters, Cathy Heckel, Jeffery Whitfield, and Wesley Avery shall reply to the first amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall docket this case as <u>Lance A. Cole v. Kevin L. Winters, Cathy Heckel, Phyllis Byland, Jeffery Whitfield, Ona Welch, Julie Bohler, David Mansfield, Richard Young, Jeff Ervin, Sandy Funk, Dawn Phillips, Carol McCartney, Kathy Eveland, Kathy Rigg, Lynette Smith, Mark Stephenson, Terry Pitts, Darla Spencer, James D. Purkett, Robin L. Elden, Robert B. Haida, Vivian Williams, Donna Henson, Mearl J. Justus, Bruce Morrison, Mel Weith, T.J. Collins, Todd Schultz, Wesly Avery, Gene Stubblefield, Telma Reische, Michelle Holden, Lori Jaenke, "NRC-Officer," and "Exp-Officer."</u>

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this 2nd day of May, 2006

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**