UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LANCE A. COLE )
)
   Plaintiff, )
) No. 4:05-CV-1275 (JCH)
vs. )
)
KEVIN L. WINTERS, et al., )
)
   Defendants. )

## **MEMORANDUM AND ORDER**

This Matter is before the Court on Defendants Cathy Heckel and Jeffery Whitfield's Motion to Dismiss (Doc. No. 36), filed September 7, 2006. The Matter is fully briefed and ready for disposition.

## **BACKGROUND**

On May 7, 2003, Plaintiff was indicted in the Circuit Court of St. Louis, Missouri ("St. Louis") on one count of forcible sodomy. (Compl., Doc. No. 1 at Attached Memo.). At the time, Plaintiff was incarcerated within the Missouri Department of Corrections ("MDOC") and serving a four year sentence. (Def.'s Memo. in Supp., Doc. No. 36 pg. 1). On July 17, 2003, St. Clair County, Illinois ("St. Clair"), lodged a detainer against him. (Id.). In St. Clair Court, Plaintiff was tried and convicted of possession of a stolen vehicle. (Id. at pg. 1-2). He was sentenced to a term of four years imprisonment, which ran concurrently with his Missouri sentence. (Id. at pg. 2).

After his sentencing on August 15, 2003, the Illinois Department of Corrections' ("IDOC") should have returned Plaintiff to MDOC; however, it mistakenly took him into custody.[1] (Id. at 2). On September 30, 2003, St. Louis lodged a detainer against him. (Id.). On October 27, 2003, Plaintiff

---

[1]Defendants are both employees of the IDOC.

received the St. Louis detainer and submitted a "request for final disposition" with the proper IDOC officials. (Id.). On November 4, 2003, MDOC requested Plaintiff's return to Missouri. (Id.). On January 13, 2004,[2] IDOC returned Plaintiff to MDOC. (Id.). Plaintiff's St. Louis trial on the forcible sodomy charge did not occur until sometime in 2005. (Compl., Doc. No. Ex. 1). Neither side has explained the circumstances surrounding the St. Louis trial, and its procedural history, to the Court.

Plaintiff brought this action under 42 U.S.C. § 1983 alleging[3] that Defendants violated his due process and equal protection rights when they failed to follow the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2 et seq. (Resp., Doc. No. 46, pg. 1). Specifically, he claims that Defendants failed to forward his request for final disposition and as a result he suffered mental anguish and emotional distress because of the delayed return to Missouri. (Id. at Attached Memo. pg. 1). He also asserts that Defendants violated his right to a speedy trial because the St. Louis trial did not occur until 2005. (Pl.'s Compl., Doc. No. 1 at Attached Memo. pg. 1). Defendants filed this Motion to Dismiss on September 7, 2006, arguing that Plaintiff fails to state a claim under § 1983. (Doc. No. 35).

**STANDARD OF REVIEW**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A motion to dismiss can only be granted if it appears from the face of the complaint that the plaintiff can prove no set of facts in support of

---

[2]It appears that during November and December 2003, challenges to his St. Clair sentence were pending in the Illinois courts. (Resp., Doc. No. 46 at Attached Memo. pg. 3).

[3]Defendant also asserts a variety of other claims like false imprisonment and cruel and unusual punishment. The Court finds these claims meritless and declines to discuss them further.

his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957). *Pro se* complaints "are held to less stringent standards than formal pleadings drafted by lawyers" Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotations omitted).

## DISCUSSION

The Supreme Court has stated that IAD "basically (1) gives a prisoner the right to demand a trial within 180 days; and (2) gives a State the right to obtain a prisoner for purposes of trial, in which case the State (a) must try the prisoner within 120 days of his arrival, and (b) must not return the prisoner to his 'original place of imprisonment' prior to trial." Alabama v. Bozeman, 533 U.S. 146, 151 (2001). The provision aims to protect a prisoner with outstanding detainers and to preserve a prisoner's ability to present an effective trial, receive a speedy trial, and participate in treatment and rehabilitation programs. Cuyler v. Adams, 449 U.S. 433, 449 (1981); Rhodes v. Schoen, 574 F.2d 968, 969 (8th Cir. 1978).

IAD violations are cognizable under 42 U.S.C. §1983, Cuyler, 449 U.S. at 449-50, but only in certain situations. Rhodes, 574 F.2d 970 (requiring merely general compliance with IAD). For example, the denial of a pre-transfer hearing, which is guaranteed by the IAD, is a breach of prisoner's due process rights. Cuyler, 449 U.S. at 449 (holding the IAD "supports an interpretation that gives prisoners the right to a judicial hearing in which they can bring a limited challenge to the receiving State's custody request."). Conversely, a two month delay in the forwarding of a final disposition request does not create a § 1983 cause of action as long as plaintiff was afforded his procedural due process guarantees, such as a pre-transfer hearing and a speedy trial. Rhodes, 574 F.2d at 970.

Upon consideration, the Court finds that Defendants did not violate the IAD. Plaintiff does

not claim any denial of the proper hearings. He experienced, at most, a minor delay in being returned to Missouri that did not impede his right to a fair trial. Specifically, seventy-eight days elapsed between his request for disposition and his return to Missouri. Thus, St. Louis had 102 days to try him before it violated the IAD. See Interstate Agreement on Detainers § 2, Art. III(a), 18 U.S.C. App. 2; Bozeman, 533 U.S. at 151. Even if he had been transferred to Missouri without delay, St. Louis, once it received him, would have had 120 days to try him, as opposed to the 102 days they had here. See Interstate Agreement on Detainers, § 2, Art. IV(c), 18 U.S.C. App. 2; Bozeman, 533 U.S. at 151. A difference of eighteen days does not give rise to a § 1983 claim based on the IAD. See Rhodes, 574 F.2d at 970 (requiring mere general compliance with IAD's procedures). Thus, Plaintiff fails to state a claim for relief.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED**. An appropriate judgment will accompany this order and memorandum.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

Dated this 5th day of February, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE